# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| JENNIFER LYNN RAY, FANCY MITCHAM, and DEBORAH RINGO on behalf on themselves and all those similarly situated who consent to representation, <br><br> Plaintiffs, <br><br> v. <br><br> FANNIE'S, INC. d/b/a FANNIE'S CABARET, a Georgia Corporation, MICHAEL W. FULTON, an individual, and RICK PEFFER, an individual, <br><br> Defendants. | Civil Action No. <br><br> FLSA Collective Action <br> Jury Trial Demanded |

## COLLECTIVE ACTION COMPLAINT

COME NOW Plaintiffs Jennifer Lynn Ray ("Plaintiff Ray"), Fancy Mitcham ("Plaintiff Mitcham"), and Deborah Ringo ("Plaintiff Ringo") (collectively "Plaintiffs"), on behalf of themselves and all those similarly situated who consent to representation by and through their undersigned counsel, and file this Collective Action Compliant (the "Complaint") against Defendants Fannie's, Inc. d/b/a Fannie's Cabaret ("Defendant Fannie's"), Michael W. Fulton ("Defendant Fulton"), and Rick Peffer ("Defendant Peffer") (collectively "Defendants") pursuant to § 216(b) of the Fair Labor Standards Act of 1938, and in support thereof would further state as follows:

## INTRODUCTION

1. The instant action arises from Defendants' violations of Plaintiffs' rights under the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq., as amended (hereinafter "FLSA"), and specifically the provisions of the FLSA found at § 216(b) to remedy violations of minimum wage and the overtime provisions of the FLSA by Defendants which have deprived Plaintiffs and those similarly situated of their lawful minimum and overtime wages.

2. Plaintiffs bring this action as a collective action on behalf of themselves and all other similarly situated employees who consent to representation, pursuant to 29 U.S.C. § 216(b).

3. Other current and former employees similarly situated of Defendants are also entitled to receive minimum wage and overtime compensation for the reasons alleged in this Complaint.

4. Plaintiffs may be permitted to maintain this action "for and on behalf of [themselves] . . . and other employees similarly situated." 29 U.S.C. § 216(b).

5. Any similarly situated current or former employee of Defendants wishing to become a party plaintiff to this action must provide her "consent in writing to become such a party," and such consent must be filed with this Court. 29 U.S.C. § 216(b).

6. This action is brought to recover unpaid minimum and overtime wages owed to Plaintiffs and other current and former dancers of Defendants who are similarly situated to Plaintiffs, pursuant to the FLSA.

7. Plaintiffs and any collective group similarly situated were or are improperly classified as independent contractors by Defendants working as entertainers.

8. During the term of work of Plaintiffs, and for at least three years prior to the filing of this Complaint in the case of any collective group similarly situated, Defendants committed widespread violations of the FLSA by failing to compensate workers at the legally appropriate minimum and overtime wages.

9. Plaintiffs and all similarly situated current and former workers of Defendants who elect to participate in this action seek unpaid minimum and overtime wages, an equal amount of liquidated damages, reimbursement of all fees or kickbacks paid to Defendants by Plaintiffs, attorneys' fees, costs, and other appropriate relief pursuant to 29 U.S.C. § 216(b).

**JURISDICTION AND VENUE**

10. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 29 U.S.C. § 216(b) (FLSA).

11. Venue for this case lies with this Court pursuant to 29 U.S.C. § 1391 (b) (1) and (2) because a substantial part of events or omissions giving rise to the

claims occurred within the jurisdiction of this Court and because Defendants are located in this District and subject to personal jurisdiction in this District.

## PARTIES

12. Plaintiffs live in the State of Georgia.

13. At all times material to this action, Plaintiffs and those similarly situated were "employees" of Defendants defined by § 203(e)(1) of the FLSA, and worked for Defendants within the territory of the United States. Plaintiffs and those similarly situated are further covered by §§ 203 and 207 of the FLSA for the period in which they were employed by Defendants as dancers.

14. Defendant Fannie's is an adult entertainment nightclub located at 4401 Fulton Industrial Blvd, Atlanta, Georgia 30336.

15. Defendant Fannie's is a corporation formed under the laws of the State of Georgia.

16. Defendants conduct business within this State and District.

17. Defendants maintained either actual or constructive control, oversight and direction of Defendants' business, including the employment and pay and other practices of those operations of Plaintiff and others similarly situated

18. For purposes of this lawsuit, Defendant Fannie's can be served through its registered agent, Cary S. Wiggins, at 260 Peachtree Street, NW #401, Atlanta, Georgia 30303.

19. Upon information and belief, Defendant Fulton is an owner and manager of Defendant Fannie's and is subject to personal jurisdiction in the State of Georgia for purposes of this lawsuit and can be served at 408 Middle Valley Ln, Woodstock, Georgia 30189.

20. Upon information and belief, Defendant Peffer is an owner and manager of Defendant Fannie's and is subject to personal jurisdiction in the State of Georgia for purposes of this lawsuit and can be served at 880 Old Mountain Road, NW, Kennesaw, Georgia 30152.

21. At all times material to this action, pursuant to 29 U.S.C. § 207, Plaintiffs and those similarly situated were employees who in any workweek were engaged in commerce or the production of goods for commerce and Defendant Fannie's was an enterprise engaged in commerce or in the production of goods for commerce as defined by § 203 of the FLSA, and had an annual gross volume of sales which exceeded $500,000.

22. At all times material to this action, Defendants were "employers" of Plaintiffs and those similarly situated as defined by § 203(d) of the FLSA.

23. The overtime provisions set forth in § 207 of the FLSA apply to Defendants

24. Plaintiffs and others similarly situated are individuals who have worked as dancers at Fannie's in the three years prior to the filing of this lawsuit.

## FACTUAL ALLEGATIONS

25. At all times for the three years prior to the filing of this Complaint, Defendants have employed female dancers at Defendant Fannie's.

26. At all times for three years prior to the filing of this Complaint, Defendants have categorized all dancers working at Defendant Fannie's as "independent contractors."

27. At all times for the three years prior to the filing of the instant Complaint, Defendants have not required entertainers to have any specialized training or background. Defendants did not require applicants for dancing positions to have any experience or training prior to hire.

28. At all times for the three years prior to the filing of this Complaint, Defendants directly and indirectly controlled the dancers' work schedules.

29. At all times for three years prior to the filing of this Complaint, Defendants posted notices and work rules for its dancers in the dressing room and imposed discipline upon its dancers, including fines, warnings, suspensions, and terminations on dancers for infractions of its work rules.

30. At all times for the three years prior to the filing of this Complaint, Defendants and other managers supervised dancers on a day-to-day basis including exercising the supervisory authority to require dancers to change their attire.

31. At all times for the three years prior to the filing of this Complaint, Defendants had the discretion and authority to allow dancers to leave a work shift early. However, if a dancer left a shift early, Defendants required that they either pay a $20.00 fine or Defendants prohibited their return to dance for 5 days.

32. At all times for the three years prior to the filing of this Complaint, Defendants employed a DJ who operated the music and determined the order and rotation by which the dancers danced.

33. At all times for the three years prior to the filing of this Complaint, Defendants maintained a dressing room for its dancers.

34. At all times for the three years prior to the filing of this Complaint, Defendants bore all costs associated with advertising and marketing Defendant Fannie's.

35. At all times for the three years prior to the filing of this Complaint, Defendants made capital investments in the facilities, maintenance, sound system, lights, beverage and inventory; and made all hiring decisions regarding waitstaff, security, dancers, managerial and other employees at Defendant Fannie's.

36. At all times for three years prior to filing this Complaint, the DJ maintained a sign-in sheet recording the time dancers reported to work. And, the managers recorded the time each dancer left work at the end of their shift.

37. Plaintiff Ray began working at Defendant Fannie's as a dancer in January, 2018 through March 24, 2020. Plaintiff Ray worked approximately five days/shifts per week and approximately nine hours per day/shift. Plaintiff Ray regularly worked more than forty hours per week.

38. Plaintiff Mitcham began working at Defendant Fannie's as a dancer on January 1, 2017 through March 22, 202. Plaintiff Mitcham worked approximately three to six days/shifts per week and approximately eight hours per day/shift. Plaintiff Mitcham, at times, worked more than forty hours per week.

39. Plaintiff Ringo began working at Defendant Fannie's as a dancer in September, 2018 through March 23, 2020. Plaintiff Ringo worked approximately five days/shift per week and approximately eight hours per shift. Plaintiff Ringo, at times, worked more than forty hours per week.

40. At all times for the three years prior to the filing of this Complaint, Defendants failed to pay Plaintiffs any wages or compensation whatsoever and Plaintiffs' sole form of remuneration was the receipt of tips from the Defendants' customers.

41. At all times for the three years prior to the filing of this Complaint and as a condition of employment, for each shift worked, Defendants required dancers, as a condition of their employment to pay kickbacks or fees including a $40 shift

fee; a "tip out fee" at the end of each shift of $10 - $15 to the manager on duty; a $20 fee to the DJ; and a fee each time a dancer used the VIP rooms with a customer.

42. At all times for the three years prior to the filing of this Complaint, Defendants had a policy and procedure by which customers could get "money" by permitting the bartender to charge their credit cards and in return, the bartender would provide the customers with "Fannie's Funds." Fannie's Funds was internal money that the customers could use to buy drinks as well to pay dancers for tips and dances. Prior to providing the customer with their Fannie's Funds, the bartender deducted ten percent as a fee. At the end of a shift, dancers would exchange the Fannie's Funds that they received during the shift for cash. However, the bartender would then charge the dancers ten percent of the dancer's Fannie's Funds as a fee to the dancer.

43. Because Defendants did not pay Plaintiffs and those similarly situated any wages, Defendants did not pay Plaintiffs and those similarly situated the federally required minimum wage and one-and-a-half times their regular rate of pay when Plaintiffs and those similarly situated worked over forty hours in a given workweek.

44. Upon information and belief, Defendant Fulton knew that under the law, dancers at gentlemen clubs were legally "employees" not "independent contractors."

45. Upon information and belief, Defendant Peffer knew that under the law, dancers at gentlemen clubs were legally "employees" not "independent contractors."

46. Defendants knew or showed reckless disregard for the fact that it misclassified the dancers as independent contractors, and accordingly, failed to pay these individuals minimum wage and overtime at the required rates under the FLSA.

47. Plaintiffs, on behalf of themselves and those similarly situated who consent to representation, demand a trial by jury.

## COUNT I – MINIMUM WAGE
## FAIR LABOR STANDARDS ACT, 29 U.S.C. § 201, *ET. SEQ.*

48. The above paragraphs are incorporated by reference as if fully set forth herein.

49. This claim arises from Defendants' willful violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et. seq.*, for failure to pay a minimum wage to Plaintiffs and those similarly situated to which they were entitled.

50. The minimum wage provisions of the FLSA apply to Defendants.

51. Pursuant to the FLSA, 29 U.S.C. § 206, Plaintiffs and those similarly situated were entitled to be compensated at a rate of at least $7.25 per hour.

52. Defendants were not allowed to avail itself of the federal tipped minimum wage rate under the FLSA, 29 U.S.C. § 201, *et. seq.*, because Defendants provided no notice to employees of its intention to take a tip credit and because Plaintiffs and those similarly situated were not allowed to keep all of their tip money.

53. Defendants, pursuant to their policies and practices, refused and failed to pay a minimum wage to Plaintiffs and those similarly situated.

54. By failing to compensate Plaintiffs and those similarly situated minimum wage, Defendants violated their statutory rights under the FLSA.

55. The forgoing conduct, as alleged, constitutes a willful violation of the FLSA.

56. Plaintiffs and those similarly situated who consent to representation, seek damages in the amount of their respective unpaid minimum wage, the amount of Plaintiffs' paid kickbacks or fees, liquidated damages as provided under the FLSA, 29 U.S.C. § 216(b), interest, and such other legal and equitable relief as the Court deems proper.

57. Plaintiffs and those similarly situated who consent to representation, seek recovery of attorneys' fees and costs to be paid by Defendants as provided by the FLSA, 29 U.S.C. § 216(b).

## COUNT II – OVERTIME WAGE
## FAIR LABOR STANDARDS ACT, 29 U.S.C. § 201, *ET. SEQ.*

58. The above paragraphs are incorporated by reference as if fully set forth herein.

59. This claim arises from Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et. seq.*, for failure to pay overtime compensation to Plaintiffs and those similarly situated to which they were entitled.

60. The overtime provisions of the FLSA, 29 U.S.C. § 201, *et. seq.*, apply to Defendants.

61. Pursuant to the FLSA, 29 U.S.C. § 207, Plaintiffs and those similarly situated were entitled to be compensated at one-and-a-half times their regular rate of compensation for all hours worked over forty hours in any given workweek.

62. Defendants, pursuant to their policies and practices, refused and failed to pay any wage at all to Plaintiffs and those similarly situated.

63. Defendants did not pay one-and-a-half times Plaintiffs' regular rate for hours worked in excess of forty hours per week because Defendants paid no wages at all.

64. The forgoing conduct, as alleged, constitutes a willful violation of the FLSA.

65. Plaintiffs, on behalf of themselves and those who consent to representation, seek damages in the amount of their respective unpaid overtime wages, an amount Plaintiffs paid in kickback or fees, liquidated damages as provided under the FLSA, 29 U.S.C. § 216(b), interest, and such other legal and equitable relief as the Court deems proper.

66. Plaintiffs, on behalf of themselves and those who consent to representation, seek recovery of attorneys' fees and costs to be paid by Defendants as provided by the FLSA, 29 U.S.C. § 216(b).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on behalf of themselves, and all other similarly situated who consent to representation, pray for judgment against Defendants as follows:

a. Issuance of notice pursuant to 29 U.S.C. U.S.C. § 216(b) as soon as possible to all dancers who worked for Defendants during any portion of the three years immediately preceding the filing of this action. Generally, this notice should inform them that this action has been filed, describe the nature of the action, and explain their right to opt into this lawsuit without fear of reprisal, retaliation, or abuse by Defendants;

b. Judgment against Defendants for an amount equal to Plaintiffs' unpaid back wages and overtime wages;

c. An equal amount to Plaintiffs' damages as liquidated damages;

d. Judgement against Defendants for an amount equal to all kickback and fees paid by Plaintiffs;

e. Judgment against Defendants that their violations of the FLSA were willful;

f. An award of prejudgment interest; and

g. All costs and attorneys' fees incurred in prosecuting these claims.

MARTIN & MARTIN, LLP

By: /s/Kimberly N. Martin
Kimberly N. Martin
kmartin@martinandmartinlaw.com
Georgia Bar No. 473410
Thomas F. Martin
tfmartin@martinandmartinlaw.com
Georgia Bar No. 482595

**MARTIN & MARTIN, LLP**
Post Office Box 1070
Tucker, Georgia 30085-10170
Telephone 404.313.5538